```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
AMTRUST NORTH AMERICA, INC., et al.,                              :
                                                                  :
                            Plaintiffs,                           :
                                                                  :         17-cv-5340 (LJL)
           -v-                                                    :
                                                                  :              ORDER
KF&B, INC.,                                                       :
                                                                  :
                            Defendant.                            :
                                                                  :
------------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/29/2020
```

LEWIS J. LIMAN, United States District Judge:

Trial in this case is set to begin on September 21, 2020.  Both parties have consented to the trial being conducted remotely through the use of telephonic and video conferencing solutions.  In addition, pursuant to Rule 43(a) of the Federal Rules of Civil Procedure, the current COVID-19 pandemic constitutes compelling circumstances and provides good cause to allow this trial to be conducted remotely through the use of telephonic and video conferencing solutions.  Accordingly, after due deliberation, this Court is prepared to adopt the following virtual hearing procedures which provide appropriate safeguards in relation to the trial of this matter.  Any party objecting to these procedures or who wishes to suggest alternate procedures shall do so by a letter submitted on ECF no later than Thursday, August 6, 2020.

IT IS HEREBY ORDERED THAT:

**1.** **<u>Telephonic and Videoconferencing Solutions.</u>**  The trial shall take place virtually using both telephonic and videoconferencing solutions as set forth herein.  All counsel who participate in the trial shall participate in appropriate pre-trial technology testing no later than September 15, 2020 and as may be required by further order of the Court.

2. **Access.**  No later than September 14, 2020 at 5:00 p.m., the parties shall provide to the Court via email a list of all (a) attorneys participating in the trial, along with their phone numbers and email addresses; (b) witnesses who will participate in the trial.  The public is invited to attend the trial on a non-speaking basis by utilizing a dial-in number that will be provided on the docket.

3. **Submission of Exhibits.**  The parties shall prepare two binders for each witness.  The first binder ("Binder One") shall be prepared by the party offering a witness.  It shall contain the witness's declaration and all exhibits that the party offering that witness intends for the witness to author at trial.  The second binder ("Binder Two") shall be prepared by the party opposing a witness.  Binder Two shall contain all exhibits that the opposing party intends for the witness to view during cross-examination.

By no later than September 21, 2020, Binder Twos shall be provided to every witness as well as to opposing counsel.  They shall be sealed and they shall, on the exterior of the binders, clearly instruct the witnesses and opposing counsel not to open the binders until directed to do so.  Witnesses and opposing counsel shall not review Binder Twos until the cross-examinations begin.

Binder Ones shall be mailed (via USB drive) to both the undersigned and Chambers no later than August 31, 2020.  Binder Twos shall be mailed (via USB drive) to both the undersigned and Chambers no later than September 14, 2020.

4. **Pretrial Filings.**

Pretrial memoranda and each party's proposed findings of fact and conclusions of law shall be filed on ECF by August 31, 2020.

Motions in limine and motions to strike portions or all of the witness declarations

shall be filed on ECF by September 8, 2020.  Opposition briefs shall be filed by September 14, 2020.

Any party seeking to supplement the testimony of a witness declaration submitted by another party may make a motion to do so if good cause is shown.  Such motion shall be filed on ECF by September 8, 2020.  Opposition briefs shall be filed by September 14, 2020.  The proposed testimony should be filed as an exhibit to the motion.

5. **Remote Witness Testimony.**  Rule 43(a) of the Federal Rules of Civil Procedure provides that, for "good cause in compelling circumstances," a witness may be permitted to testify by contemporaneous transmission from a location other than the courtroom.  Having found that good cause in compelling circumstances exist here due to the COVID-19 pandemic, and the parties having consented, any witness called to testify at the trial shall testify by contemporaneous transmission from a different location than the Courtroom ("Remote Witness").  All Remote Witnesses shall be sworn in over remote means, and such testimony will have the same effect and be binding upon the Remote Witness in the same manner as if such Remote Witness was sworn in by the Court deputy in person in open court at the courthouse.  In the event that there is an error or malfunction with remote technology, the testimony shall proceed by dial-in by using a telephone number provided by the Court.  The party offering the Remote Witness shall be responsible for ensuring that the remote technology and *all exhibits from all parties* are supplied to the Remote Witness in hard copy prior to trial.  During the testimony, no person other than counsel may be present in the room from which any Remote Witness who is a fact witness will testify during that witness's testimony.  While the Remote Witness is testifying, he or she may not have in the room from which the Remote Witness is testifying any documents except Binder One and Binder Two.  Remote Witnesses other than

expert witnesses proffered by each side shall utilize the provided link only during the time they are testifying. Upon the conclusion of his or her testimony, the witness shall disconnect from the link.

      **6.** **Courtroom Formalities.** Although being conducted using videoconferencing solutions, the trial constitutes a court proceeding, and any recording other than the official court version is prohibited. No party may record images or sounds from any location. The formalities of a courtroom must be observed. When called to testify, a Remote Witness must situate himself or herself in such a manner as to be able to view the video screen and be seen by the Court.

      **7.** **Final Pretrial Conference.** The final pretrial conference shall be by telephone on September 17, 2020 at 4:00 p.m.

      **8.** **Additional Materials.** Demonstrative exhibits shall be mailed (via USB drive) to both the undersigned and Chambers no later than September 14, 2020.

      **9.** **Retention of Jurisdiction.** This Court retains jurisdiction with respect to all matters arising from or related to this Order.

SO ORDERED.

Dated: July 29, 2020  
      New York, New York

                                            LEWIS J. LIMAN  
                                          United States District Judge