```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
AMTRUST NORTH AMERICA, INC., et al.,                                   :
                                                                       :
                              Plaintiffs,                              :
                                                                       :              17-cv-5340 (LJL)
          -v-                                                          :
                                                                       :              OPINION & ORDER
KF&B, INC.,                                                            :
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/11/2020

LEWIS J. LIMAN, United States District Judge:

Defendant KF&B, Inc., d/b/a KF&B Program Managers Insurance Services ("KF&B" or "Defendant"), moves for summary judgment on claims brought by Plaintiffs AmTrust North America, Inc., Wesco Insurance Company, Inc., and Technology Insurance Company, Inc. (collectively, "AmTrust" or "Plaintiffs") for reputational damage or harm.

Plaintiffs allege that they hired KF&B to operate as the program manager for an insurance program known as the KF&B Limousine and Taxi Program (the "Program"). Dkt. No. 1-1 ("Complaint" or "Compl.") ¶ 1. The Complaint alleges that AmTrust "suffered significant reputational harm based on KF&B's mismanagement of the Program" to sell AmTrust insurance policies to limousine and taxi companies across the United States. *Id.* ¶ 4. It further alleges:

> KF&B's mismanagement of the Program has also caused AmTrust to suffer significant reputational damage. Since AmTrust is in the insurance business and what it sells is, in essence, a promise to pay money in certain circumstances, its reputation is of heightened importance. By damaging AmTrust's reputation, KF&B's misconduct damaged AmTrust above and beyond the $20.4 million that AmTrust anticipates losing on the Program.

*Id.* ¶ 47.

Federal Rule of Civil Procedure 56(a) provides that a district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party may satisfy this burden by demonstrating to the court that there is an absence of evidence to support the responding party's case on the points for which the responding party has the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The responding party must come forward with specific facts "to establish the existence of [every] element essential to that party's case," and for which the responding party "will bear the burden of proof at trial." *Id.* at 322. Judgment must be entered against any party that fails to establish the existence of any essential element of their case. *Id.* "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

As a general matter, a plaintiff cannot recover for damage to reputation in a breach of contract action under New York law. *See MacArthur Constr. Corp. v. Coleman*, 457 N.Y.S.2d 530, 531 (1st Dep't 1983) (collecting cases). There may be a limited exception to that principle where the plaintiff is able to offer "specific proof of lost business opportunities as a result of diminished reputation." *Anderson Grp., LLC v. City of Saratoga Springs*, 805 F.3d 34, 55 (2d Cir. 2015); *see also Smith v. Positive Prods.*, 419 F. Supp. 2d 437, 453 (S.D.N.Y. 2005) ("[V]ague assertions [of damage to reputation] will not suffice."); *Saxton Commc'n. Grp. v. Valassis Inserts, Inc.*, 1995 WL 679256, at *2 (S.D.N.Y. Nov. 15, 1995) ("Absent specific proof, damages for loss of reputation are too speculative to be recovered under contract law."); *I.R.V. Merch. Corp. v. Jay Ward Prods., Inc.*, 856 F. Supp. 168, 175 (S.D.N.Y. 1994) (dismissing claim

for reputational damages where plaintiff had "not enumerated any specific harms arising from the alleged loss of reputation").

Plaintiffs do not dispute that reputational damage is not available for breach of contract claims under the law of New York but argue instead that they have asserted reputational damages arising from KF&B's alleged breach of its fiduciary duties to AmTrust. Specifically, Plaintiffs assert that they suffered reputational harm by way of certain policy holders failing to renew policies or otherwise not writing additional business with them, or brokers in the industry being aware of steps AmTrust took to rectify Defendant's mishandling of the Program. Dkt. No. 136.

The Court grants summary judgment to Defendant on Plaintiffs' claim for reputational damages. Plaintiffs have identified no record materials to support the assertion that Plaintiffs suffered any reputational damage as a result of Defendant's alleged breaches or that any policy holders or brokers took any adverse action as a result of the steps AmTrust allegedly took to address Defendant's handling of the Program. Plaintiffs' designated Fed. R. Civ. P. 30(b)(6) witness admitted during his deposition that he did not know of anyone outside of the Program who was aware of AmTrust's alleged losses in the Program. Dkt. No. 118-12 at 224:4-24. That witness was unable to identify any loss to reputation on the part of Plaintiffs or any damage whatsoever from a loss of reputation, whether from loss of a specific deal or otherwise. Nor was any other witness able to do so. Indeed, the only evidence offered by Plaintiffs in response to Defendant's summary judgment motion is the speculation of the Rule 30(b)(6) witness that there "could [be] and likely is some reputational damage in some cases." *Id.* at 225:11-13. Asked the question of whether Plaintiffs "lost any specific deal as a result of word getting out that there were problems with the KF&B program," the witness responded, "I believe there have been

3

some discussions about either non-renewing or not placing business with AmTrust because of some of our reluctance to return collateral." *Id.* at 225:25-226:7.  But that witness did not testify to any non-renewal or failure to place business as a result of Defendant's alleged breaches.  In fact, the witness also testified that "[t]here was no specific deal that fell through that I'm aware of."  *Id.* at 229:1-6.  Moreover, the Rule 30(b)(6) witness also admitted that AmTrust—not Defendant—made the decision not to return capital and for its own business reasons.  *See id.* at 226:15-25.  That testimony is binding on the company.  *See Winfield v. City of New York*, 2018 WL 840085, at *5 (S.D.N.Y.  Feb. 12, 2018) (citing *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999)); 7 Moore's Federal Practice § 30.25[3] (3d ed. 2020).

Leaving aside the question whether testimony of a Rule 30(b)(6) witness—which is not based on personal knowledge—can ever be sufficient to *defeat* a summary judgment motion, the witness's "belief" that there were "discussions" about the non-renewal of business—without any evidence that there actually were such discussions or that they had any impact on Plaintiffs—cannot create a genuine issue of material fact.  *See, e.g., TechnoMarine SA v. Jacob Time, Inc.*, 2013 WL 5231471, at *6-7 (S.D.N.Y. July 16, 2013) (granting summary judgment on claim for reputational damages from tortious interference with contract where "plaintiff offered no documentary evidence beyond [witness's] conclusory statement").

Defendant's motion for summary judgment on reputational damage or harm is hereby GRANTED.  The Clerk of Court is respectfully directed to close Dkt. No. 118.

SO ORDERED.

Dated: September 11, 2020
New York, New York

LEWIS J. LIMAN
United States District Judge