USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/14/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AMTRUST NORTH AMERICA, INC., et al.,

                           Plaintiffs,

        -v-

KF&B, INC.,

                           Defendant.
------------------------------------------------------------------X

17-cv-5340 (LJL)

OPINION & ORDER

LEWIS J. LIMAN, United States District Judge:

    Defendant KF&B, Inc., d/b/a KF&B Program Managers Insurance Services, ("KF&B" or "Defendant") moves for summary judgment on claims brought by Plaintiffs AmTrust North America, Inc., Wesco Insurance Company, Inc., and Technology Insurance Company, Inc. (collectively, "AmTrust" or "Plaintiffs") for breach of fiduciary duty and declaratory judgment.

    Plaintiffs allege that they hired KF&B to operate as the program manager for an insurance program known as the KF&B Limousine and Taxi Program (the "Program"). Dkt. No. 1-1 ("Complaint") ¶ 1. The Complaint alleges three causes of action: (1) breach of contract alleging that KF&B failed to comply with the Managing Producers Agreement ("MPA") among the parties and the underwriting and policy deductible guidelines incorporated into the MPA; (2) breach of fiduciary duty; and (3) declaratory judgment. The second cause of action asserts that KF&B owed fiduciary duties to AmTrust as a result of its position as program manager expressly created by the MPA and that KF&B breached these duties by putting its own interests ahead of AmTrust's when it failed to conduct basic due diligence and sold AmTrust insurance to risky or otherwise inappropriate customers in order to maximize its own commissions. The third cause

of action asks for a declaration that KF&B reimburse AmTrust for future losses arising from the policies that KF&B sold as part of the Program and for deductibles and collateral that AmTrust is unable to collect from policyholders in the Program to whom KF&B sold insurance.

Federal Rule of Civil Procedure 56(a) provides that a district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party may satisfy this burden by demonstrating to the court that there is an absence of evidence to support the responding party's case on the points for which the responding party has the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The responding party must come forward with specific facts "to establish the existence of [every] element essential to that party's case," and for which the responding party "will bear the burden of proof at trial." *Id.* at 322. Judgment must be entered against any party that fails to establish the existence of any essential element of their case. *Id.* "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

KF&B argues that the breach of contract and fiduciary duty claims are duplicative of one another. The fiduciary duty claim is based on Section III of the MPA and alleges that KF&B violated that section. Thus, every act that is contended to be a violation of KF&B's alleged fiduciary duties to Plaintiffs is also alleged to be a violation of the MPA. That section of the MPA is titled "Fiduciary Obligations." It provides that:

> Producer [KF&B] shall perform its obligations as a fiduciary of AmTrust, and shall use its best efforts to perform all acts necessary for the proper conduct of business on behalf of AmTrust. Producer shall advise AmTrust if it, or any officer or employee is convicted of a felony crime involving dishonesty or breach of trust,

>and shall in addition notify AmTrust of any suspected fraudulent acts in connection with this Agreement.

Dkt. No. 109-3 ("Ex. B"), Section III.  In KF&B's view, the fiduciary duty claim has no independent substance.

Plaintiffs respond that they are asserting the same damages for their breach of contract and breach of fiduciary duty claims, Dkt. No. 136 at 69 n.30, but that "the MPA expressly provides for a fiduciary relationship independent of KF&B's contractual duties," *id.* at 67.

Plaintiffs are correct that "the same conduct which may constitute the breach of a contractual obligation may also constitute the breach of a duty arising out of the relationship created by contract but which is independent of the contract itself."  *Id.* at 66 (quoting *GPIF-1 Equity Co. v. HDG Mansur Inv. Servs., Inc.*, 2014 WL 1612004, at *5 (S.D.N.Y. Apr. 21, 2014)).  Thus, for example, a contract to act as an investment advisor can create both contractual and fiduciary duties because the relationship of an investment advisor with one to whom she provides advice is fiduciary in nature independent of contract.  *See GPIF-1 Equity Co.*, 2014 WL 1612004, at *5.  The duty is created by the nature of the services provided rather than by the contractual promise.

The flaw in Plaintiffs' argument, however, is that it relies *entirely* on the contractual promises contained in the MPA.  It points only to the language of the MPA referencing that "Producer shall perform its obligations as a fiduciary of AmTrust."  *See* Dkt. No. 136 at 66 (quoting Ex. B, Section III).  AmTrust also admits that "KF&B contracted to execute its contractual and fiduciary duties."  *Id.* at 5.  Although in theory it might be possible to imagine that the nature of the services Defendant contracted to provide Plaintiffs and the discretion it was accorded would create a fiduciary duty, Plaintiffs do not make that argument.  Their fiduciary duty claim is entirely redundant and based solely on the MPA language: it is based on the same

3

duties, the same acts, and breach of the same agreement, and it seeks the same damages as the contract claim. AmTrust's fiduciary duty claim is based on an alleged breach of the contractual duties. The contract, not tort law, defines Plaintiff's duties albeit it defines them by incorporating the law of fiduciary duty. Summary judgment therefore is granted to Defendant dismissing the second cause of action.

AmTrust has not opposed KF&B's motion regarding the third cause of action for a declaratory judgment, and summary judgment therefore is also granted to Defendant dismissing that claim. *See Kovaco v. Rockbestos-Surprenant Cable Corp.*, 834 F.3d 128, 143 (2d Cir. 2016) (plaintiff abandoned claims by failing to argue that they should survive the motion for summary judgment).

## CONCLUSION

Defendant's motion for summary judgment on the second and third causes of action is hereby GRANTED. The Clerk of Court is respectfully directed to close Dkt. No. 109.

SO ORDERED.

Dated: September 14, 2020
New York, New York

LEWIS J. LIMAN
United States District Judge