```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/14/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
 :
AMTRUST NORTH AMERICA, INC., et al., :
 :
 Plaintiffs, :
 : 17-cv-5340 (LJL)
 -v- :
 : OPINION & ORDER
KF&B, INC., :
 :
 Defendant. :
 :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Defendant KF&B, Inc., d/b/a KF&B Program Managers Insurance Services, ("KF&B" or "Defendant") moves for summary judgment on claims brought by Plaintiffs AmTrust North America, Inc., Wesco Insurance Company, Inc., and Technology Insurance Company, Inc. (collectively, "AmTrust" or "Plaintiffs") that KF&B breached its contract with Plaintiffs and violated its fiduciary duty in connection with 17 accounts that the parties have deemed the "Referred Accounts."

Plaintiffs are related insurance companies that hired KF&B to operate as the program manager for an insurance program known as the KF&B Limousine and Taxi Program in which it would sell AmTrust insurance policies to taxi and limousine companies across the United States (the "Program"). Dkt. No. 1-1 ("Complaint") ¶ 1. KF&B's services were provided under a written contract, the Managing Producers Agreement ("MPA"), with Plaintiffs, effective from 2011 to 2015. The MPA generally authorized KF&B to market, solicit, provide underwriting services, bind coverage, and produce commercial automobile and general liability insurance policies pursuant to certain underwriting guidelines annexed to and incorporated in the MPA (the

"Underwriting Guidelines").  *See* Dkt. No. 112-3 ("Ex. B," MPA); *see also* Dkt. No. 112-4 (Ex. C, Underwriting Guidelines).

The Underwriting Guidelines provided an exception to KF&B's binding authority for limousine and certain taxi accounts.  Limousine accounts that fell outside of the Underwriting Guidelines and all taxi accounts were required to be submitted to AmTrust's in-house underwriters for their review and approval before they could be bound.  In the Complaint, Plaintiffs allege that KF&B violated the MPA and breached its fiduciary duties to AmTrust in connection with the underwriting of 25 accounts pursuant to which Plaintiffs provided taxi and limousine insurance.  Seventeen of those accounts, 15 of which were taxi accounts, were referred to Plaintiffs and were approved by Plaintiffs before they were bound (the "Referred Accounts").  KF&B argues that it cannot be liable for losses on policies issued at AmTrust's direction or with AmTrust's consent.  It notes that AmTrust performed its own diligence on the Referred Accounts, analyzed the recommended premium pricing, and consulted with AmTrust loss control representatives and financial personnel before directing KF&B to bind the accounts, and thus, AmTrust cannot pass responsibility onto KF&B for the decision to bind those accounts.

Federal Rule of Civil Procedure 56(a) provides that a district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party may satisfy this burden by demonstrating to the court that there is an absence of evidence to support the responding party's case on the points for which the responding party has the burden of proof at trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The responding party must come forward with specific facts "to establish the existence of [every] element essential to that party's case," and for which the responding party "will bear the burden of proof at trial." *Id.* at

322.  Judgment must be entered against any party that fails to establish the existence of any essential element of their case.  *Id.*  "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case."  Fed. R. Civ. P. 56(g); *see Brager & Co. v. Leumi Sec. Corp.*, 84 F.R.D. 220, 222 (S.D.N.Y. 1979); *see also Gore v. Ne. Airlines, Inc.*, 373 F.2d 717, 727 (2d Cir. 1967).

The Court denies Defendant's motion for summary judgment as to Plaintiffs' claims with respect to the Referred Accounts, but deems certain facts not genuinely in dispute and as established in the case.  KF&B argues, and is correct, that there is no genuine issue of fact that KF&B had the authority to refer to AmTrust accounts that did not meet the Underwriting Guidelines and that AmTrust had the authority to accept those accounts.  It was not a breach for KF&B to refer to AmTrust all accounts that did not meet the Underwriting Guidelines, including the Referred Accounts.  KF&B is also correct that there is no genuine issue that KF&B provided to AmTrust and its underwriters all of the information that they requested and believed that they needed to make a decision whether to bind the Referred Accounts.  Those facts will be deemed established in this case.

Plaintiffs argue, however, that AmTrust's authority to make the final decision on whether to bind the Referred Accounts and the diligence it performed in making that decision do not relieve KF&B of its contractual and fiduciary responsibilities to "perform the functions specified in a Program in accordance with the highest standards of the industry," Ex. B, Section II.B, and

3

to "use its best efforts to perform all acts necessary for the proper conduct of business on behalf of AmTrust," *id.*, Section III.  In particular, Plaintiffs argue that, even if KF&B had the right and the responsibility to refer accounts that fell outside the Underwriting Guidelines, KF&B failed to accurately and completely disclose all relevant information about the Referred Accounts and KF&B in fact concealed certain material risk factors.  By way of example, Plaintiffs point to ASC, purportedly the largest account in the Program that resulted in $13 million in losses.  *See* Dkt. No. 136 at 51.  Plaintiffs claim that KF&B concluded that the premiums for ASC were far too low for the risk and loss history and failed to inform Plaintiffs of that conclusion.  *Id.* Although Defendant disputes the concealment allegation, the Court concludes that whether material information was withheld from Plaintiffs in violation of the MPA with respect to any of the Referred Accounts presents a genuine issue of material fact that cannot be resolved on this motion.[1]

The remainder of the issues raised by Defendant can be quickly addressed.  Plaintiffs did not ratify any decision by KF&B to withhold material information with respect to the Referred Accounts—if such decision is proved—because Plaintiffs cannot ratify what they do not know. Defendant's argument on reformation is rejected because, as Defendant concedes, that argument was made only in service of the proposition that KF&B had the right, and perhaps the responsibility, to refer accounts to AmTrust even if they did not comply with the Underwriting Guidelines, and a decision to refer an account that did not comply with the Underwriting Guidelines is neither a breach of contract nor a breach of fiduciary duty.  That proposition having

---

[1] On the other hand, there is no genuine issue of fact that KF&B did not manipulate territories in connection with the Referred Accounts.  Plaintiffs present no evidence to support that allegation.

been conceded by Plaintiffs and now accepted by the Court, the reformation argument is withdrawn.

## CONCLUSION

Defendant's motion for summary judgment on the Referred Accounts is DENIED IN PART. The Court will not grant judgment as to the claims with respect to the Referred Accounts. However, the Court will deem as established that:

- KF&B had the authority to refer to AmTrust accounts that did not meet the Underwriting Guidelines, and AmTrust had the authority to accept those accounts;

- It was not a breach of contract or fiduciary duty for KF&B to refer to AmTrust accounts that did not meet the Underwriting Guidelines, including the Referred Accounts;

- KF&B provided to AmTrust and its underwriters all of the information they requested and believed they needed to make a decision on whether to bind the Referred Accounts; and

- KF&B did not manipulate territories in connection with the Referred Accounts.

The Clerk of Court is respectfully directed to close Dkt. No. 112.

SO ORDERED.

Dated: September 14, 2020
New York, New York

_____
LEWIS J. LIMAN
United States District Judge