**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X

AmTrust North America, Inc., Wesco Insurance   :    INDEX NO.: 1:17-cv-05340 (LJL) (GWG)
Company, and Technology Insurance Company, Inc.,

                                  :

                Plaintiffs,

                                    :

        – against –

                                    :

KF&B, Inc. dba KF&B Program Managers Insurance
Services

                                    :

                Defendant.

                                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X

**OPPOSITION TO DEFENDANT'S**
**MOTION TO STRIKE PORTIONS OF PLAINTIFFS'**
**<u>DEPOSITION DESIGNATIONS AND EXHIBITS</u>**

## Table of Contents

Page

**PRELIMINARY STATEMENT** ...................................................................................1

**ARGUMENT** ............................................................................................................2

**I.**    AMTRUST IS NOT OBLIGATED TO PROCURE LIVE TESTIMONY FROM
NON-PARTY WITNESSES OUTSIDE ITS CONTROL AND THE SUBPOENA
POWER OF THIS COURT. ................................................................................ 2

**II.**    DEFENDANT CONFLATES THE CHALLENGED TESTIMONY'S WEIGHT
AND CREDIBILITY WITH ITS ADMISSIBILITY ......................................... 3

**III.**   AMTRUST'S DESIGNATED TESTIMONY DOES NOT ENCROACH UPON
THE COURT'S ROLE AS THE "SOLE ARBITER" OF THE LAW .............................. 5

**IV.**   DEFENDANT'S REMAINING ARGUMENTS FAIL .......................................8

**CONCLUSION** ........................................................................................................11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Collins & Aikman Corp. Sec. Litig.*,
    438 F. Supp.2d 392 (S.D.N.Y. 2006)......................................................................................2

*Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*,
    No. 01 CIV. 3796 (PKL), 2004 WL 1970144 (S.D.N.Y. Sept. 3, 2004)..................................4

*In re Connetics Sec. Litig.*,
    06-CV-11496, 2007 WL 1522614 (S.D.N.Y. May 23, 2007) ..................................................2

*Crawford v. Franklin Credit Management Corp.*,
    No. 08–CV–6293 (KMW), 2015 WL 1378882 (S.D.N.Y. March 26, 2015) ...........................3

*De La Rosa v. 650 Sixth Ave Trevi LLC*,
    13-CV-7997 (VEC), 2019 WL 6245408 (S.D.N.Y. Nov. 22, 2019) ........................................9

*Financial Insurance Guaranty Co. v. Putnam Advisory Company, LLC*,
    12-cv-7372 (LJL), 2020 WL 3582029 (S.D.N.Y. July 1, 2020)..........................................5, 8

*George v. Celotex Corp.*,
    914 F.2d 26 (2d Cir. 1990)......................................................................................................4

*Goodman v. Genworth Fin. Wealth Mgmt.*,
    881 F.Supp.2d 347 (E.D.N.Y. 2012) ......................................................................................4

*Grow Group, Inc. v. Jandernoa*,
    No. 94 Civ. 5679 (RPP), 1996 WL 31848 (S.D.N.Y. Jan. 26, 1996)...................................2, 3

*Joseph S. v. Hogan*,
    No. 06 Civ. 1042 (BMC), 2011 WL 2848330 (E.D.N.Y. July 15, 2011)................................4

*Lippe v. Bairnco Corp.*,
    No. 96 CIV. 7600(DC), 2002 WL15630 (S.D.N.Y. Jan. 7, 2002) ..........................................7

*Mishkin v. Ensminger (In re Alder, Coleman Clearing Corp.)*,
    No. 95-08203 (JLG), 1998 WL 160036 (Bankr. S.D.N.Y. Apr. 3, 1998)..........................4, 6

*Monte v. Ernst & Young LLP*,
    330 F.Supp.2d 350 (S.D.N.Y.2004)......................................................................................11

*Pilevesky v. Suntrust Bank*,
    10-CV-2290, 2010 WL 4879006 (E.D.N.Y. Nov. 22, 2010) ..................................................2

*Reach Music Pub., Inc. v. Warner Chappell Music, Inc.*,
    988 F. Supp. 2d 395 (S.D.N.Y. 2013)...................................................................7

*Schwartz v. System Software Assocs.*,
    32 F.3d 284 (7th Cir. 1994) ......................................................................2

*U.S. Commodity Futures Trading Comm'n v. Wilson*,
    No. 13 Civ. 7884 (AT), 2016 WL 7229056 (S.D.N.Y. Sept. 30, 2016) ...................7

*United States v. Garcia*,
    413 F.3d 201 (2d Cir. 2005)..................................................................6

**Other Authorities**

Fed. R. Evid. 403 .............................................................................4

Fed. R. Evid. 611(c)(1) .......................................................................11

Fed. R. Evid. 611(c)(2) .......................................................................11

Fed. R. Evid. 701 ............................................................................6, 8

Rule 401 ......................................................................................9

Rule 611 .....................................................................................11

## PRELIMINARY STATEMENT

Plaintiffs AmTrust North America, Inc., Wesco Insurance Company, and Technology Insurance Company, Inc. (collectively "Plaintiffs" or "AmTrust") submit this memorandum of law in opposition to Defendant KF&B, Inc.'s ("Defendant" or "KF&B") Motion to Strike Portions of Plaintiffs' Deposition Designations and Exhibits.

KF&B ignores the Federal Rules of Evidence and well-established applicable precedent in an attempt to exclude admissible, relevant deposition testimony and exhibits that it knows help establish the pattern of breaches of contractual obligations by KF&B during the course of its relationship with AmTrust. KF&B relies primarily on non-binding authority from other jurisdictions and fundamentally misconstrues the Federal Rules of Evidence and other case law in support of its overbroad, tedious motion to strike evidence that is admissible and relevant to this case. Moreover, KF&B appears entirely unconvinced that this Court is capable of appropriately weighing the credibility of such deposition testimony, instead demanding that the relevant designations be stricken from the record all together. In doing so, KF&B largely bypasses its option to counter-designate testimony and exhibits in favor of striking the designations, a draconian remedy which is disfavored by the Federal Rules.

KF&B's motion disregards the significance of party versus non-party witnesses, attempting to hold AmTrust to the same rules and standards for procuring testimony from non-party witnesses outside the subpoena power of this Court as testimony from party witnesses. Much of KF&B's arguments for striking certain excerpts of testimony conflate the weight and credibility of evidence with its admissibility, again attempting to hold AmTrust to the same rules and standards for fundamentally different issues. KF&B repeatedly mischaracterizes the designated deposition testimony in order to propound false arguments that the witnesses may not testify about material that is relevant and fairly within the scope of examination. Furthermore,

the nature of a bench trial alleviates most of KF&B's concerns and negates the need to strike

relevant and probative evidence. Accordingly, KF&B's motion to strike should be denied.

## ARGUMENT

**I.**   **AMTRUST IS NOT OBLIGATED TO PROCURE LIVE TESTIMONY FROM NON-PARTY WITNESSES OUTSIDE ITS CONTROL AND THE SUBPOENA POWER OF THIS COURT.**

Defendant opposes the designation of deposition testimony from non-party witnesses

Fabian Burstyn, Andrew Charrette, and Masoud Shahri largely on the ground that Plaintiffs have

not disclosed any efforts to procure these witnesses' attendance at trial. The only case that

Defendant cites to in support of this argument is from the Seventh Circuit (Opp. Br. at 1, citing

to *Schwartz v. System Software Assocs.*, 32 F.3d 284 (7th Cir. 1994)). This argument clearly

ignores the fact that Shahri is a non-party witness (as Defendant concedes in its brief) and that

Burstyn and Charrette are ***former*** AmTrust employees who are no longer in AmTrust's control

and are therefore also non-parties in this case.

Generally, former employees of a party are treated as non-party witnesses. *See, e.g.*, *In re*

*Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp.2d 392, 397 (S.D.N.Y. 2006) (treating former

employees as non-party witnesses), *accord*, *In re Connetics Sec. Litig.*, 06-CV-11496, 2007 WL

1522614, at *7 (S.D.N.Y. May 23, 2007), *Pilevesky v. Suntrust Bank*, 10-CV-2290, 2010 WL

4879006, at *3 (E.D.N.Y. Nov. 22, 2010). Furthermore, non-party witnesses who live outside

this Court's jurisdiction are beyond its subpoena power. *See In re Collins & Aikman Corp. Sec.*

*Litig.*, at 397. As this Court stated in *Grow Group, Inc. v. Jandernoa*, No. 94 Civ. 5679 (RPP),

1996 WL 31848, at *10 (S.D.N.Y. Jan. 26, 1996), "none of [one of the defendants'] former

directors or former employees are subject to this Court's subpoena powers."

Because Charrette and Shahri are non-party witnesses who are outside the jurisdiction of this Court and Burstyn is a non-party witness not within AmTrust's control, Defendant's request that the designations of their deposition testimony be excluded because AmTrust has not attempted to procure their attendance at trial must be denied. *See* AmTrust's Motion to Introduce into Evidence at Trial Deposition Testimony and Certain Exhibits of Fabian Burstyn, Andrew Charette, Michael Dubin, Jerrell Fort, Michael Howery, KF&B's 30(b)(6) Witness, Lawrence Kalior, James Leatzow, and Masoud Shahri [Dkt. No. 159], ¶¶ 5-12.

Moreover, KF&B cannot reasonably argue that it did not have a full, fair, and complete opportunity to examine these witnesses, as KF&B noticed each of the depositions of the former employees and appeared and questioned Shahri at the deposition noticed by AmTrust. *Id.*

## II.   DEFENDANT CONFLATES THE CHALLENGED TESTIMONY'S WEIGHT AND CREDIBILITY WITH ITS ADMISSIBILITY.

Defendant moves to strike certain portions of AmTrust's deposition designations on the grounds that they are not probative evidence.[1] Defendant challenges Burstyn's designations in particular, citing to Burstyn's description of himself as a "bystander" in the underwriting as indicative of the inadmissible nature of his testimony.

Defendant's argument is merely a flawed attempt to strike evidence that is harmful to its case based on its own beliefs with respect to the credibility of that evidence. The attacks on the probative value of the evidence, particularly that of the Burstyn deposition, are simply thinly veiled attacks on the credibility of the evidence. Concerns regarding the credibility of evidence go toward the weight of the evidence at trial, not the admissibility of that evidence. *See Crawford*

---

[1] The challenged deposition designations on this basis include: Burstyn Dep. 68:20-69:6; 97:5-8; 131:12-24; 133:12-134:2; 136:4-10; 137:19-138:8; 139:16-18; 139:20-140:17; 142:7-25; 143:13-144:7; 147:9-148:11; 149:9-17; 154:8-155:15; 157:12-160:6; 162:2-8; 162:19-22; 164:11-165:13; 168:13-21; 173:4-8; 173:14-174:15; 175:7-12; 189:14-17; 200:7-11, 205:4-15, Charrette Dep. 104:13-20; 125:19-127:11; 133:2-15, Howery June 25, 2019 Dep. 95:5-96:21; Kalior Dep. 13:23-14:9; 18:23-19:6; 20:5-8; 30:24-31:1; 180:16-25; 182:5-16, Dubin Dep. 177:15-178:8; 178:15-179:3, Leatzow Dep. 105:2-107:7, Shahri Dep. 132:10-134:11.

*v. Franklin Credit Management Corp.*, No. 08–CV–6293 (KMW), 2015 WL 1378882 (S.D.N.Y. March 26, 2015); *Goodman v. Genworth Fin. Wealth Mgmt.,* 881 F.Supp.2d 347, 353 (E.D.N.Y. 2012) ("Issues of credibility go to the weight, not admissibility or discoverability of testimony" (citing *Washington v. Texas,* 388 U.S. 14 (1967))).

These designations of deposition testimony are not prejudicial simply because Defendant claims they does not have merit, and KF&B's claims do not justify the application of Fed. R. Evid. 403, which is "an extraordinary remedy that must be used sparingly." *George v. Celotex Corp.*, 914 F.2d 26, 31 (2d Cir. 1990).

Concerns about the probative value of evidence and the fact-finder's ability to properly weigh evidence are of lesser concern is a bench trial than a jury trial. As this Court has stated, "the 'unfair prejudice' element of Rule 403 'has no logical application to bench trials', where the joint trier of law and fact can exclude improper inferences from his or her mind in rendering a decision." *Mishkin v. Ensminger (In re Alder, Coleman Clearing Corp.)*, No. 95-08203 (JLG), 1998 WL 160036, at *8 (Bankr. S.D.N.Y. Apr. 3, 1998) (citation omitted); *see also Joseph S. v. Hogan*, No. 06 Civ. 1042 (BMC), 2011 WL 2848330, at *3 (E.D.N.Y. July 15, 2011) ("in the context of a bench trial, evidence should not be excluded under [Rule] 403 on the ground that it is unfairly prejudicial") (citation omitted). While it is true that the "standards for admissible evidence are not out the window entirely" in a bench trial compared to a jury trial, "all doubts at a bench trial should be resolved in favor of admissibility." *Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, No. 01 CIV. 3796 (PKL), 2004 WL 1970144, at *5 (S.D.N.Y. Sept. 3, 2004) (citation omitted). Thus, AmTrust's designations should not be stricken from the trial record.

Tellingly, to make its argument about the probative value of AmTrust's designations,

KF&B relies on *other testimony* from the depositions that KF&B could counter-designate for the

Court to consider.  *See e.g.*, Opp. Br. at 2-3.  KF&B extensively questioned Burstyn at the

deposition and can counter-designate such testimony, if it chooses to do so.[2]  That commonly

used process will allow the Court to weigh the evidence and make its own determinations about

the probative value of the designations; KF&B's decision to forgo that standard process is not a

basis to strike AmTrust's deposition designations.

## III.   AMTRUST'S DESIGNATED TESTIMONY DOES NOT ENCROACH UPON THE COURT'S ROLE AS THE "SOLE ARBITER" OF THE LAW.

Defendant moves to strike a wide range of testimony on the grounds that the testimony

falls outside what the witnesses may permissibly testify about and encroaches upon this Court's

role as the sole arbiter of the law.[3] Defendant relies primarily upon non-binding authority from

other jurisdictions in support of these arguments (Opp. Br. at 5, citing to cases from Colorado,

Tennessee, and New Jersey).

Significantly, this line of argument significantly mischaracterizes the deposition

testimony. In all of the challenged deposition excerpts of fact witnesses, the witnesses are

testifying as to their own understanding and interpretation, not to a definitive legal interpretation.

Fact witnesses may testify as to what they have knowledge about. *See Financial Insurance

Guaranty Co. v. Putnam Advisory Company, LLC*, 12-cv-7372 (LJL), 2020 WL 3582029, at *4

(S.D.N.Y. July 1, 2020) (holding that testimony was "based on the witnesses' personal

knowledge (*see* Fed. R. Evid. 602) or is rationally based on the witnesses' perception, helpful to

---

[2] AmTrust reserves the right to object to the substance or timing of such counter-designations to the extent KF&B decides to do so.
[3] The challenged deposition excerpts on this basis include: Burstyn Dep. 68:20-69:6; 133:2-11, Charrette Dep. 102:3-7; 103:19-23; 107:2-16; 111:12-112:5; 125:19-127:11; 138:10-15, Fort Dep. 52:5-13; Kalior Dep. 13:5-12; 13:23-14:9, Dubin Dep. 28:2-10; 115:2-7; 139:5-15; 141:12-142:24; 152:12-19; 247:7-19, Leatzow Dep. 68:11-69:5; 71:2-74:8; 81:15-18; 87:9-11; 100:6-101:3; 106:8-9; 150:10-21.

5

clearly understanding the witnesses' testimony and to determining facts in issue, and is not based on scientific, technical, or other specialized knowledge within the scope of Federal Rule of Evidence 702."). Fed. R. Evid. 701 is intended to permit lay witnesses "to testify to their personal perceptions in the form of inferences or conclusory opinions," "[r]ecognizing that eyewitnesses sometimes find it difficult to describe the appearance or relationship of persons, the atmosphere of a place, or the value of an object by reference only to objective facts." *United States v. Garcia*, 413 F.3d 201, 211 (2d Cir. 2005) (citing Fed. R. Evid. 701, Advisory Committee Notes on 1972 Proposed Rules and on 2000 Amendments).

For example, KF&B seeks to strike testimony by Burstyn regarding AmTrust's expectations with respect to the exclusivity of the MPA between AmTrust and KF&B.  *See* Burstyn Dep. 68:20-69:6; Opp Br. at 5.  While KF&B mischaracterizes this testimony as Burstyn interpreting the MPA and substituting Burstyn's understanding for that of the Court (Opp. Br. at 5), reading the testimony makes clear that Burstyn is providing his perception of the relationship between AmTrust and KF&B and it is based on his perception as an employee of AmTrust at the time in question.  Similarly, KF&B seeks to exclude testimony of Kalior based on the claim that he is improperly interpreting the MPA; however, the questioning is specifically asking Kalior regarding *his understanding* of KF&B's obligations to AmTrust.  *See* Kalior Dep. 13:5-16.

Concerns about potential "unfair prejudice" from witnesses testifying as to their own understanding and interpretation are mitigated in bench trials "where the joint trier of law and fact can exclude improper inferences from his or her mind in rendering a decision." *Mishkin* at *8.

Other specific objections by Defendant are similarly meritless. For example, Defendant's claim that certain designations constitute improper state of mind testimony.[4] This claim is inaccurate. Rather, the testimony is related to each of the witnesses' understanding and awareness of a practice that is central to the breaches at issue in this case.

With respect to the expert witnesses, it is well settled that "[a]n expert may properly testify as to 'the customs and standards of an industry, and [] opine as to how a party's conduct measured up against such standards.'" *Lippe v. Bairnco Corp.*, No. 96 CIV. 7600(DC), 2002 WL15630, at *2 (S.D.N.Y. Jan. 7, 2002) (quoting *Primavera Familienstifung v. Askin*, 130 F. Supp. 2d 450, 529 (S.D.N.Y. 2001)); *see also Assured Guar. Mun. Corp.*, 920 F. Supp. 2d at 487-88, 505-06 (same). Expert testimony as to what a reasonable person in the relevant industry would have known is permissible. *See Reach Music Pub., Inc. v. Warner Chappell Music, Inc.*, 988 F. Supp. 2d 395, 403-04 (S.D.N.Y. 2013) (holding that expert's testimony about customs and practice of the industry and individual's deviation from that standard to be relevant to the issue of plaintiff's actual knowledge). An expert may testify to whether a given practice is consistent with a state of mind. *See U.S. Commodity Futures Trading Comm'n v. Wilson*, No. 13 Civ. 7884 (AT), 2016 WL 7229056, at *8 (S.D.N.Y. Sept. 30, 2016) (denying motion to strike opinions in which expert "does not directly opine on an actor's state of mind, rather he describes (1) what an action may indicate about a party's state of mind or (2) on a fact that provides the basis for his ultimate opinion").

The expert testimony that KF&B seeks to strike is permissible under these commonly accepted standards.  For example, in the Dubin testimony offered by AmTrust, Dubin – KF&B's

---

[4] The designations challenged on the basis that they improperly constitute state of mind include: Charette Dep. 133:2-15, Dubin Dep. 177:15-178:8; 178:15-179:3, Leatzow Dep. 68:11-69:5; 71:2-74:8; 81:15-18; 87:9-11; 100:6-101:3; 150:10-21; 151:8-25; 153:21-154:3; 183:3-10; 199:21-2; 257:16-19; 267:3-8, Shahri Dep. 234:18–236:15; 254:1–257:6; 256:8-24; 259:8-22; 259:23–263:12; 292:1–293:88; 323:15–329:15; 336:13–337:21; 339:15–342:4; 342:16–346:6.

proffered expert – opines regarding actuarial responsibilities, not from a legal perspective, but from the perspective of what is usual and common in the industry.  *See* Dubin Dep., at 28:2-10 and 28:18-22.[5]  Similarly, Leatzow was asked a series of questions regarding the evidence he reviewed and his understanding of the expectations of the parties in light of the industry standard and custom for managing producers like KF&B.  *See, e.g.*, Leatzow Dep. at 71:2-74:8.[6]

Defendant's arguments that the designated Shahri testimony improperly elicits testimony from a lay witness on industry practice are unfounded.[7]  A witness may testify about his or her own experience in an industry as it is based on his or her own personal knowledge and perceptions, as is the case here. *See Financial Insurance Guaranty Co.*, at *4; Fed. R. Evid. 701 (*supra*).  Moreover, much of the testimony KF&B argues should be stricken as a result of this argument, is actually Shahri providing testimony regarding documents he was a party to and his understanding and discussions with Howery (to the extent he recalled such discussions) regarding issues related to accounts in question in this case.  *See, e.g.*, 342:16-346:6.  KF&B appears to be mischaracterizing the deposition testimony in an attempt to have it be excluded from the record.

IV.   **DEFENDANT'S REMAINING ARGUMENTS FAIL.**

All other arguments that Defendant propounds in its brief fail and do not support excluding the designated testimony and exhibits, as discussed below.

---

[5] Similarly, Defendant's request to strike the following designation misses the mark: Dubin Dep. 99:16-102:6; 108:18-111:6; 113:7-16; 115:2-7; 119:10-16; 145:2-9. This testimony reflects the witness's understanding of the meaning of certain words and usage that are common in the industry. This is relevant and necessary testimony. To the extent Defendant wishes to challenge this designation, Defendant should counter-designate rather than move to strike this testimony in its entirety.

[6] Notably, portions of at least three of the Leatzow deposition designations that KF&B is challenging are passages where Leatzow explains what he *is not* offering an opinion about or what he does not have an understanding of.  *See* Leatzow Dep., at 68:11-69:5, 81:16-18, 87:9-11.  Clearly, Leatzow is not substituting his opinions for the Court's here.

[7] The designation challenged on this basis is Shahri Dep. 132:10-134:11.

*First*, Defendant moves to strike portions of Howery's individual and corporate representative deposition testimony as "incomplete."[8] To the extent this is even correct, and not just KF&B's attempt to support its own narrative, this is easily remedied through counter-designations. KF&B even identifies what would likely be the substance of its counter-designations *in their argument*. This reveals KF&B's arguments to be nothing more than a waste of the Court's time in an attempt to limit the evidence the Court considers to just that evidence purportedly supporting KF&B's case.

*Second*, Defendant moves to strike Howery Exhibit 9 for irrelevance, arguing it pertains to an account that is neither alleged to have caused damages nor alleged to contain any underwriting deficiencies (Opp. Br. at 9). Rule 401 imposes only a minimal threshold for the admission of evidence. Evidence is relevant if it has ***any*** tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence to the action. *See* Fed. R. Evid. 401. As discussed above, in a bench trial, the scales tilt more heavily in favor of admissibility. *See De La Rosa v. 650 Sixth Ave Trevi LLC*, 13-CV-7997 (VEC), 2019 WL 6245408, at *4 (S.D.N.Y. Nov. 22, 2019) (quoting *Dreyful Ashby, Inc. v. S/S "ROUEN"*, No. 88-CV-2890, 1989 WL 151685, at *2 (S.D.N.Y. Dec. 12, 1989), for the proposition that "[a]ll doubts at a bench trial should be resolved in favor of admissibility").

Howery Exhibit 9 passes the low bar set for relevancy. Defendant's argument for excluding the exhibit on the basis that it pertains to an account that is neither alleged to have caused damages nor alleged to contain any underwriting deficiencies is wrong as a matter of law. AmTrust's arguments in this case include that certain overarching conduct by KF&B caused

---

[8] The designations challenged on this basis include: Charrette Dep. 80:5-17, Howery Apr. 25, 2019 Dep. 109:8-12; 122:14-124:3; 235:23-236:6; 274:7-275:6; 293:20-21, Howery June 25, 2019 Dep. 26:22-27:23; 30:9-31:12; 142:11-16; 164:9-13; 210:22; 231:12-14, Kalior Exhibit 5; Dubin Dep. 28:2-10, 28:18-22, 115:2-7, 178:15-179:3, Leatzow Dep. 78:18-19, 81:12-14; 87:9-11; 101:21; 103:4-5; 266:22-25.

9

harm to AmTrust (under a breach of contract theory) and that individual accounts had individual underwriting issues. Howery Exhibit 9 is one piece of evidence of this overarching conduct.

*Third*, Defendant moves to strike Dubin Dep. 153:11-154:14 on the basis that "counsel attempts to have his own statements become the evidence" (Opp. Br. at 30). This argument is meritless and contorts the plain language of the deposition testimony. The testimony clearly demonstrates that counsel was seeking the basis for Dubin's opinions, and then sought to clarify that explanation when Dubin changed his answers – that is not a basis to exclude the testimony.

*Fourth*, Defendant moves to strike certain testimony of Burstyn and Shahri on the basis that the testimony is elicited by leading questions.[9] Notably, some of the designations KF&B seeks to exclude as resulting from "leading" questions are actually questions that were asked by KF&B *not* AmTrust; certainly KF&B is not arguing that it was improperly asking the witnesses leading questions. *See e.g.*, Burstyn Dep. at 97:5-8. Additionally, AmTrust did not notice Burstyn, and he is a former employee no longer in AmTrust's control. AmTrust was invited to attend and cross-examine this witness, and thus leading questions were permissible. *See* Fed. R. Evid. 611(c)(1). Shahri was an adverse non-party witness, and once again Rule 611 plainly states on its face that leading questions are permitted in such instances. *See* Fed. R. Evid. 611(c)(2). Furthermore, to the extent that such objections to form were not made contemporaneously at the time of the depositions, any such objections are now waived.[10]

---

[9] The testimony challenged on this basis includes: Burstyn Dep. 97:5-8; 131:12-24; 133:12-134:2; 136:4-10; 137:19-138:8; 139:16-18; 139:20-140:17; 142:7-25; 143:13-144:7; 147:9-148:11; 149:9-17; 154:8-155:15; 157:12-160:6; 162:2-8; 162:19-22; 164:11-165:13; 168:13-21; 173:4-8; 173:14-174:15; 175:7-12; 189:14-17; 200:7-11; 205:4-15, Shahri Dep. 183:1-3; 186:24-188:14; 196:10-197:3; 234:18-236:15; 255:23-257:6; 259:8-260:15; 263:3-12; 292:5-8; 325:12-327:6; 328:2-329:15; 337:8-15; 339:15-340:4; 340:19-341:15; 342:16-346:3; 348:6-16; 359:14-360:1; 360:13-21; 361:15-20; 363:20-364:10.

[10] This testimony includes: Burstyn Dep. 97:5-8; 131:12-24; 133:20-134:2; 136:4-10; 137:19-24; 139:24-140:17; 142:7-25; 143:13-144:7; 147:9-148:2; 154:8-155:15; 157:12-160:6; 162:19-22; 164:11-20; 173:4-8; 173:14-174:11; 189:14-17; 205:4-15, Shahri Dep. 183:1-3; 186:24-187:4; 235:20-236:7; 292:5-8; 325:12-327:6; 337:8-15; 339:15-340:4; 342:16-344:7; 345:1-346:3; 359:14-360:1; 360:13-21; 361:15-20; 363:20-364:10.

*Fifth*, Defendant challenges certain exhibits in the Burstyn deposition designations and all Shahri exhibits on the ground that they lack foundation (Opp. Br. at 7, 42). These challenges ignore case law from this Court on this issue.  Initially, some of the documents are admissible through other witnesses, including KF&B witnesses as they are KF&B documents.  Moreover, when a witness is included on an e-mail as either a sender or recipient, and the witness has no reason to call into doubt the authenticity of the e-mail, that is enough to establish proper foundation. *See Monte v. Ernst & Young LLP*, 330 F.Supp.2d 350, 358 n. 2 (S.D.N.Y.2004) (finding certain e-mails to be admissible, in part, based on the lack of evidence to show that they were fabricated).

*Finally*, AmTrust fully expects to cross-examine Defendant's expert witnesses Michael Dubin and James Leatzow live at trial. Designations of selected excerpts of Mr. Dubin and Mr. Leatzow's deposition transcripts simply serve as admissions made by those witnesses that are appropriately introduced as affirmative evidence. Defendant's objections to the designation of their deposition testimony are therefore baseless.

## CONCLUSION

For these reasons, Defendant's Motion to Strike must be denied.


Dated: New York, New York
       September 14, 2020

                                    Respectfully submitted,

                                    */s/ Lauren Tabaksblat*
                                    Lauren Tabaksblat
                                    ltabaksblat@brownrudnick.com
                                    Michael Bowe
                                    mbowe@brownrudnick.com

11

Brown Rudnick LLP
7 Times Square
New York, New York 10036
(212) 209-4904

*Attorneys for Plaintiffs AmTrust North
America, Inc., Wesco Insurance Company,
and Technology Insurance Company, Inc.*