```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/16/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
        :
AMTRUST NORTH AMERICA, INC., et al.,      :
        :
        Plaintiffs,      :
        :      17-cv-5340 (LJL)
    -v-      :
        :      MEMORANDUM & ORDER
KF&B, INC.,      :
        :
        Defendant.      :
        :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Plaintiffs AmTrust North America, Inc., Wesco Insurance Company, Inc., and Technology Insurance Company, Inc. (collectively, "AmTrust" or "Plaintiffs") move to admit the deposition testimony of Fabian Burstyn ("Burstyn"), Andrew Charrette ("Charrette"), Jerrell Fort ("Fort"), Masoud Shahri ("Shahri"), Michael Dubin ("Dubin"), Michael Howery ("Howery"), Lawrence Kalior ("Kalior"), and James Leatzow ("Leatzow"). Dkt. No. 159.

      Burstyn, Charrette, and Fort are each former AmTrust employees. *Id.* ¶ 5. Plaintiffs state that, as former employees, these witnesses are not within the control of AmTrust and should be considered non-parties. *Id.* ¶ 6. Plaintiffs aver that Charrette and Fort reside more than 100 miles from the Court and are therefore outside the subpoena power of the Court. *Id.* ¶¶ 7, 8. Plaintiffs further declare: "It is anticipated that Mr. Burstyn, Mr. Charrette, and Mr. Fort will not voluntarily comply with any subpoena commanding their appearance at trial on September 21, 2020. AmTrust will make reasonable efforts to obtain, such witnesses' appearance at trial, but in the event such witnesses do not appear at trial, AmTrust is requesting the deposition testimony be admitted." *Id.* ¶ 11.

Shahri is an insurance broker for BB&T, a non-party in this action. Plaintiffs declare that he resides more than 100 miles from the Court and is therefore outside the subpoena power of the Court. *Id.* ¶ 24. Plaintiffs further declare: "It is anticipated that Mr. Shahri will not voluntarily comply with any subpoena commanding his appearance at trial on September 21, 2020. AmTrust will make reasonable efforts to obtain, such witness's appearance at trial, but in the event Mr. Shahri does not appear at trial, AmTrust is requesting the deposition testimony be admitted." *Id.* ¶ 27.

Defendant KF&B, Inc., d/b/a KF&B Program Managers Insurance Services, ("KF&B" or "Defendant") responds that AmTrust, in fact, has made no efforts to procure the attendance of Burstyn, Charrette, or Shahri at trial. Dkt. No. 163 at 1, 2, 8, 38.[1] In so arguing, Defendant relies on Fed. R. Evid. 804(b)(1), which provides that former testimony is not excluded by the rule against hearsay if the declarant is unavailable as a witness. Fed. R. Evid. 804(a)(5) provides, in relevant part, that a declarant is "unavailable as a witness" if the declarant:

> (5) is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure:
>
> > (A) the declarant's attendance, in the case of a hearsay exception under Rule 804(b)(1) or (6).

Fed. R. Evid. 804(a)(5)(A). Because Plaintiffs have not demonstrated any effort to procure the testimony of these witnesses, either "by process or other reasonable means," Defendant argues that the deposition testimony of Burstyn, Charrette, and Shahri should be excluded.[2]

---

[1] Dkt. Nos. 163 and 164 are identical and contain Defendants' opposition to this motion and their memorandum in support of their motion to strike portions of Plaintiffs' deposition designations.
[2] With respect to Fort, Defendant agrees that he is unavailable and seeks to preclude portions of his testimony on other grounds, in particular, on Fed. R. Evid. 106, 701. Dkt. No. 163-2 at 16.

In relying on Fed. R. Evid. 804, Defendant ignores that Fed. R. Civ. P. 32(a)(4) provides an alternative basis for the admission of deposition testimony of an unavailable witness. That rule provides that:

> A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:
> . . . .
> (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition, or
> . . . .
> (D) that the party offering the deposition could not procure the witnesses' attendance by subpoena.

Fed. R. Civ. P. 32(a)(4)(B), (D). "[T]he Second Circuit has held that Rule 32(a) 'draws no distinction between depositions taken for purposes of discovery and those taken for use at trial.'" *Wolf v. James Miller Marine Servs., Inc.*, 2010 WL 2606469, at *3 (E.D.N.Y. June 21, 2010) (quoting *Manley v. AmBase Corp.*, 337 F.3d 237, 247 (2d Cir. 2003)); *see United States v. Int'l Bus. Machs. Corp.*, 90 F.R.D. 377, 381 (S.D.N.Y. 1981) (stating that Rule 32 does not "evince a distinction as to admissibility at trial between a deposition taken solely for purposes of discovery and one taken for use at trial").

These rules are not mutually exclusive and deposition testimony that is admissible under Fed. R. Civ. P. 32(a)(4)(B) or (D) that is not admissible under Fed. R. Evid. 804, or vice versa, may still be introduced at trial, so long as such testimony would be admissible if the witness were present and testifying. Fed. R. Civ. P. 32(b); *see also* 8A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2146 (3d ed. 2020) ("Beyond that, the evidence rules contain other provisions that might make deposition testimony admissible although Rule 32(a)(4) does not."); Steven S. Gensler and Lumen N. Mulligan, Federal Rules of Civil Procedure, Rules and Commentary Rule 32 (Feb. 2020) ("The hearsay exception provided by Rule 32 operates

independently of any exceptions that might exist under the Federal Rules of Evidence, although the admissibility criteria tend to overlap."). Thus, where Fed. R. Civ. P. 32(a)(4) is not met because a witness is less than 100 miles from the place of hearing or trial, or the party offering the deposition does not issue a subpoena, the party seeking to use the deposition may still admit such testimony if it shows that, *inter alia*, by "process or other reasonable means" it has attempted to procure the testimony under Fed. R. Evid. 804(a)(5). *See, e.g.*, *Samad Bros., Inc. v. Bokara Rug Co.*, 2012 WL 43613, at *3 (S.D.N.Y. Jan. 9, 2012) ("[U]nder Rule 32(a)(4), [declarant]'s deposition testimony will likely be admissible at trial under the Federal Rules of Evidence and the Federal Rules of Civil Procedure."); *Rao v. Rodriguez*, 2017 WL 1753489, at *1 (E.D.N.Y. May 1, 2017) (deposition testimony was admissible under Fed. R. Evid. 804, but not under Fed. R. Civ. P. 32); *Carbotrade SpA v. Bureau Veritas*, 1994 WL 9652, at *2 (S.D.N.Y. Jan. 13, 1994) (discussing, as alternative options, admission of deposition testimony under either Fed. R. Civ. P. 32(a) or Fed. R. Evid. 804).[3]

The Court will admit the deposition testimony of Charrette and Shahri on the basis that they are more than 100 miles from the place of trial in the Southern District of New York and thus cannot be commanded to attend trial pursuant to Fed. R. Civ. P. 45(c).[4] *See Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 2009 WL 3111766, at *20 (S.D.N.Y. Sept. 28,

---

[3] The use of either Fed. R. Civ. P. 32(a) or Fed. R. Evid. 804 may be applied to both lay and expert testimony. *See Nichols v. Am. Risk Mgmt.*, 2000 WL 97282, at *1 (S.D.N.Y. Jan. 28, 2000) ("Neither Rule 32(a)(3)(B) on its face nor the Advisory Committee Notes distinguish between depositions of fact and expert witnesses.").

[4] It is irrelevant whether Charrette and Shahri are non-parties because the 2013 amendment to Fed. R. Civ. P. 45(c)(1)(A) changed the "100-mile and state radii" to "appl[y] to parties and non-parties alike." *Saget v. Trump*, 351 F. Supp. 3d 251, 253 (E.D.N.Y. 2019); *see id.* at 254 ("[A] party may not compel the attendance at trial of any witness more than 100 miles from, or otherwise outside the state of, the trial court."). Nevertheless, the Court treats these former employees as non-party witnesses. *See, e.g.*, *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp.2d 392, 397 (S.D.N.Y. 2006).

4

2009) (plaintiff "points to no caselaw holding that, despite not appearing in the language of Rule 32(a)(4)(B), there is a requirement that a party must show that they have made a reasonable effort to procure the attendance of witnesses that reside overseas before they may introduce deposition testimony of these witnesses at trial").[5]  The Court thus permits admission of the deposition testimony of Charrette and Shahri.

As to Burstyn, Plaintiffs have not offered any evidence that he resides outside the subpoena power of the Court or that they have made any efforts to procure his testimony at trial. *See* Dkt. No. 159 ¶ 11 ("It is anticipated that Mr. Burstyn . . . will not voluntarily comply with any subpoena.").  Plaintiffs state only that they "will make reasonable efforts to obtain, such witnesses' appearance at trial." *Id.*  Based on Plaintiffs' failure to offer evidence that Burstyn is unavailable, his deposition testimony is excluded for that reason alone.

The Court issues the following rulings on the specific deposition designations to which there are objections.[6]

- Charrette's April 30, 2019 Deposition
    1. Charrette Dep. 104:13-20.  Overruled but Charrette Dep. 15-19 will be received under the rule of completeness.  *See* Fed. R. Evid. 106.
    2. Charrette Dep. 102:3-7.  Sustained.
    3. Charrette Dep. 103:19-23.  Sustained.
    4. Charrette Dep. 107:2-22.  Overruled.
    5. Charrette Dep. 138:10-15.  Overruled.
    6. Charrette Dep. 80:5-17.  Overruled but Charrette Dep. 81:22-84:7 will be received under the rule of completeness.
    7. Charrette Dep. 133:2-15.  Overruled.
    8. Charrette Dep. 111:12-112:5.  Overruled but Exhibit 11 will be received.

---

[5] *See also Reynolds v. Am. Airlines, Inc.*, 2017 WL 5613115, at *4 (E.D.N.Y. Nov. 21, 2017) (admitting deposition transcript of witness in Texas under Fed. R. Civ. P. 32(a)(4)(B)); *see also Patsy's Italian Rest., Inc. v. Banas*, 2008 WL 795341, at *1 (E.D.N.Y. Mar. 24, 2008) (permitting video deposition under Fed. R. Civ. P. 32(a)(4)(B) on the basis that witness was more than 100 miles from the courthouse).

[6] There are no hearsay objections to the deposition designations of Kalior or Howery, Defendant's Fed. R. Civ. P. 30(b)(6) witness.

9. Charrette Dep. 125:19-127:11.  Overruled but 27:6-14 will be received under the rule of completeness.
10. The Court will also receive any testimony from Charrette's deposition that is offered by Defendant to show Charrette's alleged lack of familiarity or involvement with the Program or the MPA.

- Fort's April 16, 2019 Deposition
    1. Fort Dep. 52:5-13.  Overruled.
    2. Fort Dep. 111:20-25.  Sustained.

- Howery's April 25, 2019 Deposition
    1. Howery Apr. 25, 2019 Dep. 109:8-12.  The Court will receive the remainder of the answer on line 13.
    2. Howery Apr. 25, 2019 Dep. 110:6-9.  The Court will receive the question to which the answer corresponds.
    3. Howery Apr. 25, 2019 Dep. 122:14-124:3.  The Court will receive the remainder of the answer.
    4. Howery Apr. 25, 2019 Dep. 235:23-236:6.  The Court will receive the answer.
    5. Howery Apr. 25, 2019 Dep. 274:7-275:6.  The Court will receive the question to which the answer corresponds.
    6. Howery Apr. 25, 2019 Dep. 293:20-21.  Objection overruled.
    7. The Court will strike Howery Exhibit 9.

- Howery's June 25, 2019 Deposition
    1. The Court will receive any other testimony from Howery's deposition on the underwriting document storage system used by Defendant that Defendant proffers under the rule of completeness.  The Court will not receive other evidence unless that other evidence is independently relevant.
    2. Howery June 25, 2019 Dep. 210:22 is stricken.
    3. Howery June 25, 2019 Dep. 231:12-14.  The Court will receive the question.
    4. Howery June 25, 2019 Dep. 95:5-96:21 is stricken under Fed. R. Evid. 403.

- Kalior's April 2, 2019 Deposition
    1. Kalior Dep. 13:5-12.  Overruled, but Kalior Dep. 10:16-11:8 will be admitted under the rule of completeness.
    2. Kalior Dep. 13:23-14:9.  Overruled.
    3. Kalior Dep. 20:5-8.  Overruled.
    4. Kalior Dep. 30:24-31:1.  Overruled.
    5. Kalior Dep. 180:16-25.  Sustained.
    6. Kalior Exhibit 5.  Overruled but Kalior Dep. 164:22-165:11 will be received under the rule of completeness.

- Shahri's January 9, 2019 Deposition
    1. Shahri Dep. 132:10-134:11.  Sustained.
    2. Shahri Dep. 256:8-24.  Overruled but Shahri Dep. 254:6-23 will be received under the rule of completeness.
    3. Shahri Exhibit 24 will not be received.

The Court will address the two defense experts by separate order.

## CONCLUSION

Plaintiffs' motion to introduce into evidence at trial deposition testimony and certain exhibits is hereby GRANTED IN PART and DENIED IN PART.

The Clerk of Court is respectfully directed to close Dkt. Nos. 159, 163.

SO ORDERED.

Dated: September 16, 2020
New York, New York

_____
LEWIS J. LIMAN
United States District Judge