UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
AMTRUST NORTH AMERICA, INC., et al.,  :
:
                  Plaintiffs,  :
:
     -v-  :
:
KF&B, INC.,  :
:
                  Defendant.  :
:
------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/16/2020
```

17-cv-5340 (LJL)

MEMORANDUM & ORDER

LEWIS J. LIMAN, United States District Judge:

    Plaintiffs move to strike the following portions of the witness declaration of defense expert Jim Leatzow ("Leatzow") on the grounds that they express opinions as to issues on which Leatzow disclaimed at deposition having an opinion or that they are otherwise inconsistent with his deposition testimony: Leatzow Decl. ¶¶ 67-76, 134-35, 163, 166, 169, 237-39, 242, and 252-53. *See* Dkt. No. 161 at 2-3. Plaintiffs also move to strike the following subset of those portions of Leatzow's witness declaration on the grounds that they offer opinions not in Leatzow's initial or rebuttal expert reports: Leatzow Decl. ¶¶ 67-71, 74-76, 134-35, 166, 169, 237-39, and 242. *Id.* at 4.

    Fed. R. Civ. P. 26(a)(2)(B)(i) requires an expert to include in his report, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). If a party fails to comply with this requirement, the party cannot present that evidence at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). However, despite the mandatory language of the rule, the Second Circuit views preclusion as discretionary. *See Design Strategy, Inc. v. Davis*, 469 F.3d

284, 297 (2d Cir. 2006).  In determining whether preclusion is appropriate, a court is directed to consider: (1) the party's explanation for the failure to disclose; (2) the importance of the evidence to be precluded; (3) the prejudice suffered by the opposing party if the evidence were not precluded; and (4) the possibility of a continuance.  *See Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006).

Here, the failure to disclose is not harmless and Plaintiffs would suffer prejudice if the evidence were not precluded because, among other things, Plaintiffs did not have the opportunity to cross examine Leatzow on the testimony he now seeks to present.  Nor has Defendant provided a sufficient explanation for the failure to include these opinions in its expert disclosures.  The "duty to disclose information concerning expert testimony is intended to allow opposing parties to have a reasonable opportunity [to] prepare for effective cross examination and, perhaps, arrange for expert testimony from other witnesses." *LaMarca v. United States*, 31 F. Supp. 2d 110, 122 (E.D.N.Y. 1999) (quoting Fed. R. Civ. P. 26(a)(2), 1993 advisory committee notes).  Thus, "courts will not admit supplemental expert evidence following the close of discovery when it expound[s] a wholly new and complex approach designed to fill a significant and logical gap in the first report, as doing so would eviscerate the purpose of the expert disclosure rules." *Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co.*, 769 F. Supp. 2d 269, 279 (S.D.N.Y. 2011) (quotation marks and citation omitted).

Applying those principles, the Court sustains the objections to the following paragraphs in the Leatzow declaration: Leatzow Decl. ¶¶ 69-71, 166, 239, 252-53.  The remainder of the objections are overruled.

Plaintiffs may cross examine on the use of the terms schedule rating, schedule credits, and schedule factor.

## CONCLUSION

Plaintiffs' motion to strike at Dkt. No. 161 is therefore GRANTED IN PART and DENIED IN PART.

SO ORDERED.

Dated: September 16, 2020
New York, New York

_____
LEWIS J. LIMAN
United States District Judge