UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
                                                        :
AMTRUST NORTH AMERICA, INC., et al.,                    :
                                                        :
                                    Plaintiffs,         :
                                                        :
                        -v-                             :
                                                        :
KF&B, INC.,                                             :
                                                        :
                                    Defendant.          :
                                                        :
----------------------------------------------------------------------X

```
┌──────────────────────────────────────────┐
│ USDC SDNY                                  │
│ DOCUMENT                                   │
│ ELECTRONICALLY FILED                       │
│ DOC #:_____                     │
│ DATE FILED:__9/26/2020__                   │
└──────────────────────────────────────────┘
```

17-cv-5340 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

Defendant moves to strike the following sections of the rebuttal testimony of Plaintiffs'

expert, Michael L. Scruggs, as improper rebuttal:  Scruggs Decl. § III.A. and Scruggs Rebuttal

Decl. § I.  *See* Dkt. No. 184.  The testimony in those sections relate to allocated loss adjustment

expense ("ALAE"), the experience modification factor ("EMF"), and the applicability of ISO

Rule 5J2.

Plaintiffs originally attempted to offer testimony regarding ALAE through their main

expert witness, Donald Bendure.  The Court struck that testimony prior to trial as being outside

the scope of Mr. Bendure's expert reports.  *See* Dkt. No. 182.  The testimony subject to the

motion to strike was part of Mr. Scruggs's expert report but Mr. Scruggs was offered only as a

rebuttal expert largely responding to testimony of defense expert James Dubin, which was

submitted to the Court in the form of a declaration prior to trial.  That declaration squarely

addressed the claimed error in the calculation of ALAE.  The Court therefore denied Plaintiffs'

motion to offer Mr. Scruggs as part of its case-in-chief but ruled that whether it came in as

rebuttal would depend on whether Defendant presented a case and what it presented.

Accordingly, throughout trial, Plaintiffs' counsel repeatedly asked Defendant whether it intended to call Mr. Dubin.  Plaintiffs' counsel indicated their intent to call Mr. Dubin in the event Defendant did not call Mr. Dubin.  Throughout Plaintiffs' case, Defendant consistently responded that it would call Mr. Dubin without mentioning that it intended to revise Mr. Dubin's declaration.  Then, after Plaintiffs closed and on the morning of Mr. Dubin's testimony, Defendant provided to the Court and to Plaintiffs a revised declaration from Mr. Dubin intended to be offered as his testimony.  The revised declaration stripped out any reference to ALAE or EMF.  Plaintiffs did not object to Defendant's revised declaration, and the Court received it.

Defendant argues that Mr. Scruggs's testimony should be limited to rebutting Mr. Dubin's declaration, which did not address EMF or ALAE.  It also argues that Mr. Scruggs's opinions do not meet *Daubert* because his approach to calculating EMF was novel at best.[1] Plaintiffs respond that Mr. Dubin's declaration still offers that the damages calculated were not appropriately attributed to KF&B and that Mr. Scruggs's testimony on KF&B's deviations in underwriting, and the impact of those deviations, is necessary to rebut that testimony.

The prudent course is for the Court to continue to reserve on the motion to strike and to hear Mr. Dubin's testimony in response to Mr. Scruggs and any cross-examination.  Defendant knew from the outset of trial that Mr. Scruggs might offer his testimony.  There can be no prejudice to Defendant from having to present Mr. Dubin.  Similarly, Plaintiffs knew that if the Court received Mr. Scruggs's testimony, it would also permit Mr. Dubin to testify in response, and Plaintiffs proceeded nonetheless.  There can thus be no prejudice to Plaintiffs.

The parties and the Court have devoted substantial resources to this trial, and this course

---

[1] The *Daubert* objection is untimely because Defendant's only objection at trial was that this testimony was outside the scope of the defense case.

of action is the best one to avoid the risk of a redo with all of the costs that would entail.  The parties are prepared, and the resources to continue the trial are in place.  If the Court ultimately determines not to credit Mr. Scruggs's testimony as Defendant urges, then this decision avoids the need for a decision on whether the testimony is admissible.  And if it turns out that the right decision would have been to permit Mr. Scruggs testimony, Defendant will have its response.

It is hereby ORDERED that Defendant shall submit to the Court the portions of Mr. Dubin's declaration it intends to offer by 5:00 p.m. on September 29, 2020.  It may revise the Dubin declaration in light of the testimony of Mr. Scruggs.  Plaintiffs are to indicate by 9:00 a.m. on September 30, 2020 whether they intend to cross-examine Mr. Dubin or object to any portion of Mr. Dubin's declaration.

The Court will resume the trial on October 1, 2020 at 1:00 p.m. limited to Mr. Dubin's testimony.  If no cross-examination is intended, Mr. Dubin will simply offer his declaration.  The Court continues to reserve on the motion to strike.


SO ORDERED.


Dated: September 26, 2020
       New York, New York

LEWIS J. LIMAN
United States District Judge

3