UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
AMTRUST NORTH AMERICA, INC., et al.,        :
:
                  Plaintiffs,        :
:      17-cv-5340 (LJL)
   -v-        :
:      ORDER
KF&B, INC.,        :
:
                  Defendant.        :
:
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/30/2020

LEWIS J. LIMAN, United States District Judge:

    The Court has the proposed rebuttal testimony of Mr. Dubin as well as Plaintiffs' objection to portions of that testimony as well as their request to recall Mr. Scruggs to offer previously excluded testimony.

    The Court indicated a willingness to permit Mr. Dubin to offer testimony responsive to Mr. Scruggs's testimony regarding ALAE and ISO 98. It did so because Defendant had withdrawn the specific testimony of Mr. Dubin to which Mr. Scruggs was responding. Although the Court has reserved judgment on whether to admit the testimony of Mr. Scruggs regarding ALAE and ISO 98, it appeared to the Court to be unfair to Defendant—and inconsistent with having a complete record on the issue—for Plaintiffs to be able to offer testimony responsive to Mr. Dubin without Defendant being able to offer the testimony of Mr. Dubin to which Plaintiffs were responding.

    Both parties now take the Court's willingness to entertain rebuttal testimony as license to offer broad swaths of testimony not offered on their direct cases. Defendant seeks to offer testimony not related to the ALAE and ISO 98 testimony which the Court provisionally heard

subject to Defendant's objection. Plaintiffs seek to offer testimony unrelated to ALAE and ISO98 in response. Rebuttal is not an opportunity for a redo. The Court will permit only testimony related to ALAE and ISO 98.

Plaintiffs further object to portions of Mr. Dubin's testimony regarding ALAE and ISO 98 as inadmissible because they were originally offered to respond to testimony of Plaintiffs' other expert, Mr. Bendure. They also respond to portions of Mr. Dubin's testimony on the theory that they are outside of the scope of the expert report. It is hard to believe that Plaintiffs can make the first argument with a straight face. The reason Mr. Dubin offered the testimony as responsive to Mr. Bendure was because Mr. Bendure adopted the opinions of Mr. Scruggs (and without any independent analysis). The Court struck Mr. Bendure's testimony because he did no more than echo Mr. Scruggs. Plaintiffs have identified no prejudice from the admission of the testimony that was originally responsive to Mr. Bendure. As to the second argument, most of the testimony to which Plaintiffs object was fairly encompassed within the expert reports and is responsive to Mr. Scruggs's testimony.

The Court will permit Defendant to offer Paragraphs 168-200 of Mr. Dubin's declaration. Defendant shall prepare a new declaration limited to Paragraphs 168-200 and submit it to the Court by email by 5:00 p.m. today. Plaintiffs will be permitted to cross-examine on those paragraphs on October 1, 2020.

SO ORDERED.

Dated: September 30, 2020
New York, New York

_____
LEWIS J. LIMAN
United States District Judge